MICHELE BECKWITH
Acting United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KRISTOPHER THOMAS, <br> JUSTIN DAMONTE MITCHELL, <br> DERRICK D. CHARLES, AND <br> NATASHA MICHELLE BAILEY, <br><br> Defendants. | CASE NO. 1:24-cr-00054-JLT-SKO <br><br> STIPULATION AND ORDER REGARDING CONTINUANCE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT <br><br> DATE: February 19, 2025 <br> TIME: 1:00 p.m. <br> COURT: Hon. Sheila K. Oberto |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on February 19, 2025.

2. By this stipulation, the defendants now move to continue the status conference from February 19, 2025, until May 7, 2025, and to exclude time between February 19, 2025 and May 7, 2025, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced over 82,000 pages of discovery, including wiretap material, for all defendants, except Defendant Charles. Because Defendant Charles, who made his appearance after his co-defendants, was not amenable to a protective order to ensure the confidentiality of personal identifying information of other individuals, the government produced

to Defendant Charles discovery relevant to only him. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)    The government has provided plea offers to the defendants.

      c)    Counsel for defendants desires additional time for defense investigation and plea negotiations.

      d)    Counsel for Defendant Thomas is also a defendant in a separate, but related, fraud case (Case No. 1:24-cr-00231-NODJ-BAM) and is reviewing the discovery associated with that case. Discussions for a potential resolution of both of these cases is ensuing.

      e)    Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      f)    The government does not object to the continuance.

      g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

      h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 19, 2025 to May 7, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

/ / /

/ / /

/ / /

/ / /

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1   IT IS SO STIPULATED.

3   Dated:  February 12, 2025                              MICHELE BECKWITH
                                                           Acting United States Attorney

5                                                          /s/ KAREN A. ESCOBAR
                                                           KAREN A. ESCOBAR
                                                           Assistant United States Attorney

7   Dated:  February 12, 2025                              /s/ PETER M. JONES

                                                           PETER M. JONES
                                                           Counsel for Defendant
                                                           KRISTOPHER THOMAS

10                                                         /s/ MONICA BERMUDEZ
    Dated:  February 12, 2025                              MONICA BERMUDEZ
                                                           Counsel for Defendant
                                                           JUSTIN DAMONTE
                                                           MITCHELL

13  Dated: February 12, 2025
                                                           /s/ KEVIN P. ROONEY
                                                           KEVIN P. ROONEY
                                                           Counsel for Defendant
                                                           DERRICK D. CHARLES

17                                                         /s/ ALEKXIA TORRES-
    Dated:  February 12, 2025                              STALLINGS
                                                           ALEKXIA TORRES-
                                                           STALLINGS
                                                           Counsel for Defendant
                                                           NATASHA MICHELLE
                                                           BAILEY

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

**ORDER**

Pursuant to the Minute Order (Doc. 64) issued on February 4, 2025, counsel were "directed to meet and confer and select a mutually agreeable trial date to be discussed at the next hearing date." The stipulation further states that the parties "may stipulate: (1) to the trial date, or (2) to set the matter for a change of plea hearing before District Judge Thurston, with an appropriate exclusion of time," and that any stipulation to set the matter for a change of plea hearing before Judge Thurston must state that "a Plea Agreement has been filed."

The parties have neither selected a trial date nor filed a signed plea agreement. Accordingly, the parties' stipulation for a continuance of the status conference is DENIED.

IT IS SO ORDERED.

Dated:   **February 12, 2025**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE