KIMBERLY A. SANCHEZ
Acting United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare St., Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-cr-00054-JLT-SKO |
| Plaintiff, | |
| v. | NOTICE OF HEARING; UNITED STATES' REQUEST FOR LAFLER/FRYE INQUIRY |
| KRISTOPHER THOMAS, JUSTIN DAMONTE MITCHELL, DERRICK D. CHARLES, and NATASHA MICHELLE BAILEY, | DATE: 8/18/2025<br>TIME: 9:00 A.M.<br>COURT: Hon. Jennifer L. Thurston |
| Defendants. | |

PLEASE TAKE NOTICE that a hearing in connection with the United States' attached request for a *Lafler/Frye* hearing in the above-referenced case will be held before the Honorable Jennifer L. Thurston, United States District Judge on August 18, 2025, at 9:00 a.m., or as soon thereafter as possible, in accordance with Local Rule 430.1(c). Counsel for the defense has indicated that they are available on that date. Any response to the government's request shall be filed on or before August 11, 2025, and any reply shall be filed on or before August 14, 2025.

The basis for this inquiry is set forth below.

| | |
|---|---|
| Dated: July 28, 2025 | KIMBERLY A. SANCHEZ<br>Acting United States Attorney |
| | /s/ KAREN A. ESCOBAR<br>KAREN A. ESCOBAR<br>Assistant United States Attorney |

### UNITED STATES' REQUEST FOR LAFLER/FRYE INQUIRY

Under the cases *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012), a defendant has the right to effective assistance of counsel during pre-trial plea negotiations, including as to plea offers that lapse or are rejected. *See also United States v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994) (finding defendant's Section 2255 claim that his attorney had failed to communicate the government's plea offer to him warranted an evidentiary hearing).

1. On April 12, 2024, the United States extended a written plea offer to counsel for Defendant Kristopher Thomas, which expired on April 15, 2024.
2. On June 17, 2024, the United States extended a written plea offer to counsel for Defendant Justin Damonte Mitchell, which expired on July 31, 2024.
3. On July 12, 2024, the United States extended a written plea offer to counsel for Defendant Derrick D. Charles, which expired on October 1, 2024.
4. On July 31, 2024, the United States extended a written plea offer to Natasha Michelle Bailey, which expired on August 14, 2024.
5. So that a clear record will exist in the event defendant is convicted at trial and subsequently brings a claim under 28 U.S.C. § 2255 alleging that his attorney failed to effectively convey the United States' plea offers to him, the United States respectfully requests that the Court undertake an inquiry of this issue on the record at the earliest convenience of the Court. For the Court's convenience, the United States provides the following as an example of the language the Court could use during such an inquiry:

- I am informed that the government previously made you a plea offer that you rejected.
- Do not tell me about the content of any discussion between you and your counsel.
- Do not tell me the terms of any plea offer made by the government. This Court is not involved in any plea negotiations, and states no opinion regarding your decision to plead

guilty or proceed to trial. I simply request a yes or no answer to the following questions:

- First, did you discuss with your attorney the plea offer made by the government?
- Second, are you satisfied that, prior to rejecting the plea offer, you had a full and complete opportunity to discuss the plea offers with your attorney?

In the event, defense counsel argues that a written declaration from defense counsel that he or she communicated the plea offers to the defendant is sufficient to show that the defendant was aware of the offer, understood it, and rejected it, defense counsel's representations as to the *Lafler/Frye* inquiry are insufficient, just as they would be if the defendant were being asked to waive a conflict of interest. *Lafler/Frye* hearings ensure that all parties "share the same understanding of the plea agreement." ); *United States v. Begay*, 497 F. Supp. 3d 1025, 1085 (D.N.M. 2020) (granting United States' request for pretrial *Lafler/Frye* hearing).

They also forestall future claims of ineffective assistance of counsel at the plea-bargaining stage, thereby promoting judicial economy.  *Id*.; *see also Ferebee v. United States*, D.C. No. CCB-16-190, 2022 WL 605378 (D. Md. Feb. 28, 2022) (unpub.) (rejecting Section 2255 IAC claim in light of transcript of Lafler/Frye hearing); *United States v. Saad*, 512 F. Supp. 3d 297 (D.R.I. 2021) (same); *Moody v. United States*, D.C. No. 4:13cr248(4), 2021 WL 10140045 (E.D. Tex. March 8, 2021) (unpub.) (same).

Pretrial *Lafler/Frye* hearings are not lengthy; they can be accomplished in under 10 minutes. *Transparency in Plea Bargaining*, 96 Notre Dame L. Rev. at 1008.  Moreover, "the Court has an interest in not devoting limited judicial resources to handling post-conviction petitions when a fully developed pretrial record potentially would alleviate the need for a later evidentiary hearing." *United States v. Morgan*, 294 F. Supp. 3d 1218, 1222 (D.N.M. 2018) As the Supreme Court noted in Frye:

> [T]rial courts may adopt some measures to help ensure against late, frivolous, or fabricated [IAC] claims. . . .  [For example], formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence.

///

///

*Frye*, 566 U.S. at 146.

DATED:     July 28, 2025          Respectfully submitted,

KIMBERLY A. SANCHEZ
Acting United States Attorney

/s/ Karen A. Escobar
KAREN A. ESCOBAR
Assistant United States Attorney

NOTICE OF HEARING; USA REQUEST FOR
LAFLER/FRYE INQUIRY